Mr. Justice Colcock
delivered the opinion of the court.
There being a difference of opinion on this subject, I have been led to investigate it with some diligence, and the result is, that I am confirmed in the opinion given be-r low, that the plaintifF is entitled to interest only from the time of the demand. Mr. Chitty, in his Treatise on Bills, speaking of interest, says, “ when interest is made payable by the bill, &c. itself, there is no doubt of its being recoverable ; and as, according to several cases, is, in general, payable on all liquidated sums, from the instant the principal is due, it is recoverable on all bills of exchange and notes of hand, payable at a day certain or after demand.” If payable on demand, (6 Modern, 138. 5 Vesey Jun. 803,) in some cases, it is said that interest is payable from the date of the note, &c.” He then observes, “ and it is generally understood that a bill or note carries interest only from the time of the demand of payment, unless the delay were occasioned by the defendant; asJ his being out of the kingdom at the time it was due and then follows the reason on which the doctrine is founded ;
“ for interest being in the nature of damages for non-payment, it would be unreasonable to suffer the holder, by his own laches to acquire a benefit, and to subject the drawer, acceptor or indorser to damages, when he war; guilty of no default,” (Chitty, 318, 295;) and for these positions, refers to high authority, which upon examination, will be found to support them. In 7 Term. Rep. 124, (Farquar vs. Morris,) in a case on a bond' in which no time of payment was mentioned, and no interest required, the court said the debt is due at the date, and interest must be calculated from that time. The first position is also to bo found in the case of Thompson vs. *372 Ketcham, (8 Johns. Rep. 189, 192 ;) but these were not cases payable , on demand. Nothing was said as to any time or place of payment, and in speaking- of liquidated demands drawing interest, the same thing is meant.
Where two sit down to adjust an account, and strike a balance, and it is done, and the balance acknowledged, without saying any thing about payment, the debt is due immediately, and interest allowed from the time, in 2 Black. Rep. 761, Blaus, assignee of Bradley, vs. Henkricks, et. al. which was a case on an account stated, it was decided, that interest from the date be allowed ; and in that case, Plowden, Blackstone and Hares, say interest is due on all liquidated sums from the instant the princi pal becomes due and payable; therefore, on all bills of exchange, notes of hand payable at a certain day, or after demand, if payable on demand, interest is due : So also, in the case of Brass Crosley vs. Lord Mayor of London, (8 Wilson, 206,) it is there apparent that a note payable ort demand is not considered as carrying interest from the date, and is distinguished from cases where no time is mentioned.
But it is contended that it should carry interest from the date, because it is a debt due in presentí, Üie;solven~ dum in futuro.
I ask if this is not equally the case with every note of hand in which the maker says, I promise to pay, one year after date, for value received ? Is not this as much an acknowledgment of a debt immediately due ? There is a promise to pay, and an acknowledgment of value received. The debt then exists at the date of the note. But in such case interest is allowed only from the time the note is payable. Why not apply the same principle to the due bill, which is also payable ,at a future time, viz: on demand ? Is it now a bill of exchange ? Here the note was immediately transferred by Ntwoman to Cannon; it was a draft on himself, payable on demand. Had it been on his hanker, there could have been a doubt that interest would not be allowed until the demand. Why ? Because *373 a srj sold the drawee undertakes lo demand: So in thb, case, 1 say the payee, by the terms oí the contract on thi due bill, midi rtakes to make the demand.
Justices Richardson, Gantt and Bay, concuired. ,